IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:23-CR-305-O |
| THOMAS PERRY CAMPBELL, JR. | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

THOMAS PERRY CAMPBELL, JR., the defendant, the defendant's attorney; and

the United States of America (the government) agree as follows:

1.      **Rights of the defendant**:  The defendant understands that the defendant

has the rights:

        a.      to plead not guilty;

        b.      to have a trial by jury;

        c.      to have the defendant's guilt proven beyond a reasonable doubt;

        d.      to confront and cross-examine witnesses and to call witnesses in the
                defendant's defense; and

        e.      against compelled self-incrimination.

2.      **Waiver of rights and plea of guilty**:  The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the ~~Superseding Information~~ Indictment,

charging a violation of 21 U.S.C. §846, that is, Conspiracy to Possess with Intent to

Distribute a Controlled Substance.  The defendant understands the nature and elements of

**Plea Agreement—Page 1**

the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.      **Sentence**:  The minimum and maximum penalties the Court can impose include:

        a.      imprisonment for a period  not less than 5 years and not to exceed 40 years;

        b.      a fine not to exceed $5,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

        c.      a term of supervised release of not less than 4 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

        d.      a mandatory special assessment of $ 100;

        f.      restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

        g.      costs of incarceration and supervision; and

        h.      forfeiture of property.

4.      **Immigration consequences**:  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses.  The defendant understands this may include the offense

to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7.      **Mandatory special assessment**:  The defendant agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment(s) prior to sentencing.

8.      **Forfeiture of property**:  The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, bill of particulars, or seized or restrained in the investigation underlying the indictment or information, including the forfeiture of :

      a.  a FIE, 25 caliber pistol bearing serial number G66114;

      b.  a Ruger, P90, 45 caliber pistol, bearing serial number 661-57335;

      c.  a pink, SCCY, CPX-1 model, 9mm caliber, pistol bearing serial number 937310;

      d.  a Heritage MFG. Inc., 22 caliber revolver, bearing serial number R92596;

      e.  accessories and ammunition.

The defendant agrees that this property is subject to forfeiture under 21 USC § 853(a). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.  The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such

property.  The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately.  In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.  The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.  The defendant further agrees as follows:

   a. The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

   b. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

   c. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

10.    **Government's agreement**:  The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.  The government will dismiss, after sentencing, any remaining charges in the pending Indictment/Information.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11.    **Violation of agreement**:  The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement.  In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13.     **Waiver of right to appeal or otherwise challenge sentence**: The

defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an

amount to be determined by the Court.  The defendant further waives the defendant's

right to contest the conviction, sentence, fine and order of restitution or forfeiture in any

collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C.

§ 2255.  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a

sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this

waiver, and (c) to bring a claim of ineffective assistance of counsel.

14.     **Representation of counsel**: The defendant has thoroughly reviewed all

legal and factual aspects of this case with the defendant's attorney and is fully satisfied

with that attorney's legal representation.  The defendant has received from the

defendant's attorney explanations satisfactory to the defendant concerning each

paragraph of this plea agreement, each of the defendant's rights affected by this

agreement, and the alternatives available to the defendant other than entering into this

agreement.  Because the defendant concedes that the defendant is guilty, and after

conferring with the defendant's attorney, the defendant has concluded that it is in the

defendant's best interest to enter into this plea agreement and all its terms, rather than to

proceed to trial in this case.

15.     **Entirety of agreement**: This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

(continued on the next page)

AGREED TO AND SIGNED this 12ᵗʰ day of March, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

LAURA G. MONTES
Assistant United States Attorney
Massachusetts State Bar No. 687739
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:    817.252.5200
Facsimile:     817.252.5455
Laura.montes@usdoj.gov

SHAWN SMITH
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

THOMAS PERRY CAMPBELL, JR.

3-11-24
Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

WARREN ST. JOHN
Attorney for Defendant

3-11-24
Date

1898030

Plea Agreement—Page 9